UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CYNTHIA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 3:10CV329(HEH) |
| | ) |
| THE KROGER CO. | ) |
| | ) |
| | ) |
| Defendant. | ) |

FILED MAY 18 2010 CLERK, U.S. DISTRICT COURT RICHMOND, VA

## COMPLAINT

COMES NOW the plaintiff, Cynthia Johnson ("Plaintiff" or "Johnson"), by counsel, and for her Complaint against The Kroger Company ("Kroger") ("Defendant") states as follows:

### NATURE OF THE ACTION

1. The Plaintiff, Cynthia Johnson, brings this action for legal and equitable relief to redress injuries done to her by the Defendant, The Kroger Co. ("Kroger"), for Kroger's unlawful discrimination against Plaintiff on the basis of her gender (female) and race (Caucasian), and for Kroger's unlawful retaliation after Plaintiff had complained of incidents of gender and race discrimination and a hostile environment at work.

### PARTIES

2. Plaintiff Cynthia Johnson is Caucasian. She is a citizen of Virginia and a resident of Glen Allen, Virginia. Johnson was harassed, threatened and intimidated because of her gender (female) and race (Caucasian) and subjected to different terms and conditions of employment in retaliation for complaining of gender and race discrimination, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

3. Defendant The Kroger Co. is an Ohio corporation doing business in Virginia, with offices located in the City of Richmond, Virginia. Kroger is and at all relevant times was an employer within the meaning of and subject to Title VII, employing over 1,000 individuals.

## JURISDICTION AND VENUE

4. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. Jurisdiction is founded upon 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331 and 1343. Venue is conferred upon this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and by 28 U.S.C. § 1391(b).

5. Plaintiff filed a timely charge of race discrimination with the United States Equal Employment Opportunity Commission (EEOC) on February 11, 2009. Such charge of discrimination included the discrimination and retaliation complained of herein. Thereafter, the EEOC issued the plaintiff a Dismissal and Notice of Rights on March 18, 2010.

6. Plaintiff initiated this action within 90 days of the date of the receipt of the Right-to-Sue letter.

7. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

8. The claims presented herein arose and Kroger resides within this judicial district and division.

## FACTS

9. Johnson has worked for Kroger since March 19, 2007.

10. Until April 19, 2008, Johnson worked the night shift at Kroger's store on 9480 West Broad Street in Richmond, Virginia.

2

11. There were five male, African-American employees and Johnson working on her shift.

12. Johnson was the only Caucasian on the night shift in the grocery department.

13. Johnson was the only woman on the night shift in the grocery department.

14. Starting in the late spring of 2007, Johnson began being subjected to racial comments, harassment and threats of imminent physical harm.

15. In July of 2007, Jeffrey Lee ("Lee"), an African-American, male employee working on the same night shift, came over to Johnson and overturned a shopping cart that contained Johnson's belongings. Her purse and cell phone were scattered all over the floor, and her cell phone broke apart. Lee then walked away.

16. About one hour later Lee returned, turned the shopping cart upright, picked up Johnson's belongings and placed them back in the cart. Lee put the cell phone back together.

17. The next day, Lee approached Johnson, apologized and told her that he was the new guy and felt that he had to prove himself to the other guys, so they would respect him and not try to treat him unfairly or take advantage of him. Lee told Johnson that she was an easy target because she was female.

18. Shortly thereafter, Lee told Johnson that he wanted "to screw a white girl."

19. Plaintiff's black, male co-workers, Al Ronnie Sampson ("Sampson"), Vern Dixon, Jeffrey Lee, and Jason Haskins, frequently yelled at Johnson, calling her "white trash" or "white cracker."

20. Jason Haskins frequently called Johnson "the white girl from White Marsh," a town in Maryland where Johnson had grown up.

21. Sampson frequently called Johnson a "white bitch."

22. In June of 2007 Sampson attacked Plaintiff with a box cutter while she was in the store.

23. Sampson approached Plaintiff, held a box cutter to her throat and screamed, "I am going to kick your ass."

24. He then threw the box cutter on the floor and walked away.

25. Sometime in July of 2007, Sampson grabbed Johnson's leg, began rubbing it and said, "You have nice, thick legs for a white girl."

26. On or about January 29, 2008, Sampson began screaming at Johnson and threatened to injure her physically. Sampson yelled, "I will kick your ass." When Johnson told him to stop threatening her, Sampson jumped towards her and tried to attack her.

27. Another Kroger employee, Tariq Saunders ("Saunders"), quickly intervened and physically restrained Sampson and yelled at Sampson not to hit a woman. Sampson yelled back, "She is not a woman; she is a bitch."

28. Later that day, Sampson apologized to Johnson. He then also went to Saunders and apologized to him as well. Sampson told Saunders that it seemed to him that the male employees were ganging up on Johnson, especially on days when Saunders was not working.

29. On or about March 28, 2008, Plaintiff reported the harassment, threats, physical attacks and sexual and racial comments to Erin Haithcock, Kroger's Human Resources Manager.

30. On or about April 19, 2008, Kroger retaliated against Plaintiff by transferring her to its store on Eastridge Road, a transfer which necessitated a longer commute.

31. At the same time, Kroger also reduced Plaintiff's hours and pay, from approximately 40 hours per week to 25.

32. Johnson was transferred and her hours were reduced in retaliation for her complaints and demand of a meaningful investigation into the racially and sexually hostile work environment.

33. Defendants' actions toward Johnson were malicious, willful and wanton and evinced ill will or a conscious disregard of Johnson's rights, entitling Johnson to an award of punitive damages.

34. All actions taken by Kroger's employees alleged herein were taken during the course and within the scope of their employment.

## Count One
### Title VII - Unlawful Discrimination/Hostile Environment (Gender)

35. The plaintiff incorporates by reference and realleges the preceding paragraphs herein as though fully set out.

36. Defendant Kroger, by its actions and failures to act, intentionally discriminated against Johnson on account of her gender, all in violation of Title VII of the Civil Rights Act of 1964, as amended, and has denied Johnson the rights secured to her by 42 U.S.C. § 2000e, *et seq.*, for which she seeks appropriate declaratory and injunctive relief, compensatory and punitive damages, and back pay against the Defendant Kroger in an amount to conform to the proof at trial, together with pre-judgment interest and her costs, including attorneys' fees.

37. Defendant acted with malice and/or with reckless indifference to Plaintiff's federally protected rights to be free from unlawful discrimination, and Plaintiff is entitled to punitive damages.

38. As a consequence of Defendant Kroger's intentional discrimination, Johnson has suffered, continues to suffer and will in the future suffer emotional distress, anxiety, stress, embarrassment, humiliation, pain, suffering, and loss of enjoyment of life.

39. As a consequence of Defendant Kroger's actions, Johnson has lost wages and other financial incidents and benefits of employment, and Johnson will continue to suffer such losses.

40. As a consequence of the acts and omissions of Defendant Kroger, Johnson has incurred and will continue to incur attorneys' fees, costs and expenses.

## Count Two
### Title VII - Unlawful Retaliation (Gender)

41. The plaintiff incorporates by reference and realleges the preceding paragraphs herein as though fully set out.

42. Johnson was engaging in activities protected by title VII of the Civil Rights Act of 1964, as amended, when she made the complaint to Human Resources.

43. Defendant Kroger unlawfully retaliated against Johnson by transferring her to another store in a less convenient location, by reducing her hours and salary, and by engaging in other retaliatory and hostile actions, such as yelling at her for no apparent reason, all done in an effort to make Johnson resign, as described in the foregoing paragraphs.

44. Defendant acted with malice and/or with reckless indifference to Plaintiff's federally protected rights to be free from retaliation, and Plaintiff is entitled to punitive damages.

45. As a consequence of Defendant Kroger's retaliation, Johnson has suffered, continues to suffer and will in the future suffer emotional distress, anxiety, stress, embarrassment, humiliation, pain, suffering, and loss of enjoyment of life.

46. As a consequence of the acts and omission of Defendant Kroger, Johnson has lost wages and other financial incidents and benefits of employment.

47. As a consequence of the acts and omissions of Defendant Kroger, Johnson has incurred and will continue to incur attorneys' fees, costs and expenses.

### Count Three
### Title VII - Unlawful Discrimination/Hostile Environment (Race)

48. The plaintiff incorporates by reference and realleges the preceding paragraphs herein as though fully set out.

49. Defendant Kroger, by its actions and failures to act, intentionally discriminated against Johnson on account of her race, all in violation of Title VII of the Civil Rights Act of 1964, as amended, and has denied Johnson the rights secured to her by 42 U.S.C. § 2000e, *et seq.*, for which she seeks appropriate declaratory and injunctive relief, compensatory damages, and back pay against the Defendant Kroger in an amount to conform to the proof at trial, together with pre-judgment interest and her costs, including attorneys' fees.

50. Defendant acted with malice and/or with reckless indifference to Plaintiff's federally protected rights to be free from unlawful discrimination, and Plaintiff is entitled to punitive damages.

51. As a consequence of Defendant Kroger's intentional discrimination, Johnson has suffered, continues to suffer and will in the future suffer emotional distress, anxiety, stress, embarrassment, humiliation, pain, suffering, and loss of enjoyment of life.

52. As a consequence of the acts and omissions of Defendant Kroger, Johnson has incurred and will continue to incur attorneys' fees, costs and expenses.

### Count Four
### Title VII - Unlawful Retaliation (Race)

53. The plaintiff incorporates by reference and realleges the preceding paragraphs herein as though fully set out.

54. Johnson was engaging in activities protected by title VII of the Civil Rights Act of 1964, as amended, when she made the complaint to Human Resources. Defendant Kroger

unlawfully retaliated against Johnson by transferring her to another store in a less convenient location, by reducing her hours and salary, and by engaging in other retaliatory and hostile actions, such as yelling at her for no apparent reason, all done in an effort to make Johnson resign, as described in the foregoing paragraphs.

55. Defendant acted with malice and/or with reckless indifference to Plaintiff's federally protected rights to be free from retaliation, and Plaintiff is entitled to punitive damages.

56. As a consequence of Defendant Kroger's retaliation, Johnson has suffered, continues to suffer and will in the future suffer emotional distress, anxiety, stress, embarrassment, humiliation, pain, suffering, and loss of enjoyment of life.

57. As a consequence of the acts and omission of Defendant Kroger, Johnson has lost wages and other financial incidents and benefits of employment. .

58. As a consequence of the acts and omissions of Defendant Kroger, Johnson has incurred and will continue to incur attorneys' fees, costs and expenses.

**WHEREFORE**, Plaintiff Cynthia Johnson demands judgment against Defendant The Kroger Co. as follows:

(a) Declaring that the acts and practices complained of herein are in violation of Ms. Johnson's rights as secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*;

(b) Requiring Defendant Kroger to place Ms. Johnson in a position of equal duties and responsibilities, with equal pay and benefits, as Ms. Johnson would have received but for the discriminatory conduct under Title VII of the Civil Rights Act of 1964, as amended, or in the alternative for an award of front pay;

(d) Enjoining Defendant Kroger permanently from continuing or maintaining a policy, practice or custom of denying, abridging, withholding or conditioning the rights of employees on the basis of race, which rights are secured by Title VII of the Civil Rights Act of 1964, as amended;

(e) Awarding Ms. Johnson back pay, prejudgment interest and appropriate recovery for lost employment benefits, and other affirmative relief as may be appropriate, and for all other wages and benefits lost or denied;

(f) Awarding Ms. Johnson compensatory damages under Title VII of the Civil Rights Act of 1964, as amended, in an amount to be determined by the jury at trial;

(g) Awarding Ms. Johnson punitive damages under Title VII of the Civil Rights Act of 1964, as amended, in an amount to be determined by the jury at trial;

(h) Awarding Ms. Johnson her attorneys' fees and costs incurred in this action, together with expert witness fees and expenses; and

(i) Ordering any other relief this court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The plaintiff demands a trial by jury in this action.

Respectfully submitted,

CYNTHIA JOHNSON

By: _____
Counsel

Tim Schulte (VSB No. 41881)
Blackwell Shelley (VSB No. 28142)
SHELLEY & SCHULTE, P.C.
700 East Franklin Street, 12th Floor
Richmond, Virginia 23218

Telephone: (804) 644-9700
Facsimile: (804) 644-9770
Tim.schulte@shelleyschulte.com
Blackwell.shelley@shelleyschulte.com

10